IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN 29 2008
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| JARVIS ANTONIO DAVIS, § | |
| § | |
| Movant, § | |
| § | |
| § | |
| VS. § | NO. 4:07-CV-751-A |
| § | (No. 4:05-CR-011-A) |
| UNITED STATES OF AMERICA § | |
| § | |
| Respondent. § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Jarvis Antonio Davis ("Davis") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed the motion, the government's response, the record, and applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

Davis was named in three counts of seven-count indictment filed on February 16, 2005: Count Two, conspiracy to possess crack cocaine with the intent to distribute, in violation of 21 U.S.C. § 846; Count Four, using a residence for drug-related purposes, in violation of 21 U.S.C. § 853; and Count Seven, distribution of cocaine, in violation of 21 U.S.C. §§ 841(a), and specifically identified the applicable penalty statute as 21 U.S.C. § 841(b)(1)(c). Davis pleaded guilty to Count Seven on April 22, 2005, and on August 5, 2005, he was sentenced to a term

of imprisonment of 235 months to be followed by a term of supervised release of three years. The Fifth Circuit Court of Appeals affirmed the conviction and sentence on August 3, 2006. On December 4, 2006, the United States Supreme Court denied his petition for writ of certiorari. Davis timely submitted his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 on December 10, 2007.

II.

Grounds of the Motion

Davis asserts four grounds for relief: (1) his guilty plea was unknowing and involuntary; (2) he should have received a three-point reduction in his offense level under United States Sentencing Guidelines section 3E1.1. for acceptance of responsibility; (3) the government breached the plea agreement in offering evidence at sentencing that the amount of drugs for which he was responsible was more than the amount to which he stipulated; and (4) his sentence violates United States v. Booker, 543 U.S. 220 (2005) because he received sentence enhancements that were not proven beyond a reasonable doubt.

III.

Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). A defendant

2

can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974).

IV.

Analysis

A. Two of Davis's Claims Are Not Cognizable Under § 2255

"A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently." Montoya v. Johnson, 226 F.3d 399, 405 (5th Cir. 2000). This requires that defendant have "a full understanding of what the plea connotes and of its consequence." Boykin v. Alabama, 395 U.S. 238, 244 (1969). However, defendant "need only understand the direct consequence of the plea; he need not be made aware every consequence that, absent a plea of guilty, would not otherwise occur." United States v. Hernandez, 234 F.3d 252, 255 (5th Cir. 2000). "The consequences of a guilty plea, with respect to

3

sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged." Barbee v. Ruth, 678 F.2d 634, 635 (5th Cir. 1982).

Davis's first claim alleges that his guilty plea was unknowing and involuntary. However, Davis does not dispute that he understood that Count Seven, the count he pleaded guilty to, was charging him with distribution of cocaine and that he understood the possible punishment that charge carried. Davis does complain that he should have only been charged with possession of cocaine as there was insufficient evidence to convict him of distribution. However, a claim of insufficient evidence "is not a contention cognizable on a collateral motion under § 2255." Forrester v. United States, 456 F.2d 905, 907 (5th Cir. 1972). Thus, Davis is not entitled to relief on his first claim.

Davis's second claim alleges that the court should have given him a three-point reduction in his offense level under USSG § 3E1.1 for acceptance of responsibility. However, regardless of whether this reduction was warranted, a misapplication of sentencing guidelines is not a cognizable claim under § 2255. United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999).

B. Davis's Third Claim is Procedurally Barred

Davis's third claim contends that the government breached the plea agreement in offering evidence at sentencing that Davis was responsible for a larger amount of drugs than he stipulated to. However, because Davis failed to raise this claim in the

4

trial court or on direct appeal, the general rule is that the claim would be procedurally barred for purposes of his § 2255 motion. The only exceptions to the procedural bar is for Davis to show: (1) cause for the procedural default and that actual prejudice resulted from the error of which he complains, or, (2) "actual innocence" of the crime for which he was convicted. <u>United States v. Shaid</u>, 937 F.2d 228, 232 (5th Cir. 1991). Here, Davis does not claim actual innocence. Further, the court concludes that Davis has failed to show cause for his failure to raise the claim at trial or on direct appeal. Accordingly, the court need not engage in a prejudice analysis. <u>United States v. Bondurant</u>, 689 F.2d 1246, 1250 (5th Cir. 1982). Therefore, Davis's claim that the government breached the plea agreement is procedurally barred.

C. <u>Davis's Claim Under Booker is Without Merit</u>

Davis's fourth claim asserts that he is entitled to relief under <u>Booker</u> because the sentence he received included enhancements that were not admitted by him or proven beyond a reasonable doubt to a jury. However, Davis was convicted and sentenced after <u>Booker</u> was decided and thus, was not subjected to a mandatory sentencing regime. Therefore, the trial court's consideration of facts not proven to a jury did not violate Davis's Sixth Amendment rights. <u>United State v. Mares</u>, 402 F.3d 511, 519 (5th Cir. 2005)(stating that "<u>Booker</u> contemplates that, with the mandatory use of the Guidelines excised, the Sixth Amendment will not impede a sentencing judge from finding all

facts relevant to sentencing"). Accordingly, Davis's claim under Booker is without merit.

VI.

ORDER

For the reasons discussed above,

The court ORDERS that Davis's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED January 29, 2008.

_____
JOHN McBRYDE
United States District Judge